UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
CIVIL No. _____

| | |
|---|---|
| JENNIFER RODRIGUEZ-CASTELLON,<br><br>Petitioner<br><br>vs.<br><br>RANDY TATE, in his official capacity as<br>Warden of the Montgomery Processing Center;<br><br>BRET BRADFORD, in his official capacity as<br>Field Office Director of ICE Enforcement and<br>Removal Operations Houston Field Office;<br><br>KRISTI NOEM,<br>in her official capacity as Secretary<br>of the Department oF Homeland Security;<br><br>PAM BONDI, in her official capacity as<br>Attorney General of the United States,<br><br>Respondents. | PETITION FOR<br>WRIT OF HABEAS CORPUS<br>PURSUANT TO 28 U.S.C§2241 |

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The petitioner, Jennifer Taina Rodriguez-Castellon ("Petitioner"), by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, in support thereof, states the following:

## I. **PARTIES & CUSTODY**

1. Petitioner Jennifer Taina Rodriguez-Castellon is currently detained at the Immigration and Customs Enforcement ("ICE") Montgomery Processing Center, located at 806 Hilbig Road, Conroe, Texas 77301. She has been detained continuously at that location since August 25, 2025.

2. Respondent Randy Tate, in his official capacity as Warden of the Montgomery Processing Center, currently holds Petitioner in custody as unlawfully ordered by the Houston Field office of ICE Enforcement and Removal Operations. The Warden's detention facility is located within this Honorable Court's judicial district.

3. Respondent Bret Bradford, in his official capacity as Director of the Houston Field Office of ICE Enforcement and Removal Operations, has refused to effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

4. Respondent Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security, has refused to exercise her authority to oversee her department's ICE Enforcement and Removal Operations and thereby effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

5. Respondent Pam Bondi, in her official capacity as Attorney General of the United States, has refused to exercise her authority to oversee her department's ICE Enforcement and Removal Operations and thereby effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

## II. JURISDICTION & VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 to issue writs of habeas corpus when the petitioner is in custody in violation of the Constitution or laws of the United States.

7. Venue is proper in this district because Petitioner is detained within this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Petitioner has exhausted her administrative remedies to the extent required by law.

9. Petitioner has fully cooperated with Respondents and has not delayed or obstructed her detention.

10. Petitioner's only remedy is by way of this judicial action.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

11. Petitioner is a twenty-nine year old female native and citizen of Nicaragua. *See attached*, Exhibit A: Petitioner's Nicaraguan Passport. She fled Nicaragua on or about August 19, 2021 as a result of persecution and threats of violence against

her and her family by members of the Nicaraguan government due to their past political activism in opposition to human rights violations perpetrated by the administration of President Daniel Ortega. *See attached,* Exhibit B: Petitioner's Amended Form I-589 Application for Asylum and for Withholding of Removal.

12. Petitioner entered the United States near Nogales, Arizona, on or about September 15, 2021, without first being admitted or paroled. *See attached,* Exhibit C: Notice to Appear.

13. On August 16, 2022, *Petitioner timely filed* a Form I-589 Application for Asylum and for Withholding of Removal under the Convention Agaiunst Torture. *See attached,* Exhibit D, Petitioner's Initial I-589 Filing to Court, dated August 16, 2022.

14. On May 11, 2023, Petitioner was granted work authorization by the U.S. Citizenship and Immigration Services ("USCIS"). *See attached*, Exhibit: E: Petitioner's Employment Authorization Card.

15. On November 24, 2023, Petitioner appeared before the Immigration Judge of the Houston Immigration Court located at 8701 S. Gessner Road, 10th Floor, Houston, Texas 77074, for a hearing in her removal proceedings, seeking asylum, withholding of removal, and protection under the Convention Against Torture based on persecution due to her political opinion and personal social group. At the

4

close of that hearing, the Immigration Judge denied Petitioner's claims and ordered her removal to Nicaragua.

16. On November 27, 2023, *Petitioner timely filed a* Form EOIR-26 Notice of Appeal with the Board of Immigration Appeals, challenging the Immigration Judge's decision. *See attached*, Exhibit F: Petitioner's Filing Receipt for Appeal.

17. **Petitioner's BIA appeal remains pending, and no final decision has been issued.** *See attached*, Exhibit G: Current Status of Petitioner's BIA Appeal.

18. Petitioner married a naturalized United States Citizen, Jose Manuel Orellana, on August 9, 2024. *See Attached*, Exhibit H: Petitioner's Certificate of Marriage and Citizenship Documents of Petitioner's Husband.

19. On December 23, 2024, Petitioner's U.S. husband filed a Form I-130 Petition for Alien Relative (USCIS receipt # IOE-9158144757), naming her as beneficiary. **That I-130 petition remains pending, and no final decision has been issued.** *See attached*, Exhibit I: Filing Receipt and Current Status of Petition for Alien Relief filed by Petitioner's Husband on her Behalf. **As such, Petitioner is currently eligible for an alternative form of permanent relief** while she awaits a final decision on her appeal to the Immigration Judge's order of removal.

20. Petitioner has continued to check in regularly for scheduled appointments at the Houston ICE offices, updating her contact information with the ICE officers and following all instructions as required.

21. On August 18, 2025, Petitioner was contacted via email by an ICE officer who informed her that her ICE appointment which normally in December was being changed to August 25, 2025. *See attached*, Exhibit: J: Notice of Petitioner's ICE Appointment. Though Petitioner had only a week to arrange to be at her appointment, she did appear at the ICE offices as instructed, and was then taken into custody.

22. **Petitioner has no criminal history,** and has demonstrated no conduct indicating that she is a threat to the United States or otherwise eligible for deportation. *See attached*, Exhibit K: Petitioner's Criminal Record Search.

23. **Petitioner suffers from chronic medical conditions** associated with head trauma that she suffered while being assaulted during political protests in Nicaragua. Her symptoms include headaches with pressure and burning and radiating pain to the eyes, dizziness, nausea, and blurred vision. Petitioner's medical conditions have worsened since her initial head trauma, and are aggravated by various factors, including stress, movement, and exertion. *See attached*, Exhibit L: Petitioner's Medical Records. Petitioner's continued detention is having an on-going exacerbating effect on her medical condition, causing hardship to herself and her family.

24. Furthermore, **Petitioner is the mother of a newborn child, her U.S. Citizen daughter,** Hadassa Liliana Orellana Rodriguez, who is only three months old. *See attached*, Exhibit M: Birth Certificate Application for Petitioner's Daughter.

Petitioner's daughter relies on her mother for basic necessities, including her sole daily sustenance via providing breast milk. As such, **Petitioner's continued detention is causing immediate, severe, and irreparable hardship to her U.S. citizen daughter and husband.**

### V. LEGAL FRAMEWORK FOR RELIEF SOUGHT

25. Under U.S. Code 28 § 2241, writs of habeas corpus may be granted by the district courts on behalf of a prisoner in several instances, including when they are (1) "in custody under or by the authority of the United States or is committed for trial before some court thereof," (3) "in custody in violation of the Constitution or laws and treaties of the United States," and (4) when they, "being a citizen of a foreign state and domiciled therein [are] in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations[.]"

26. Courts have consistently recognized "habeas corpus as an appropriate vehicle through which noncitizens may challenge the fact of their civil immigration detention." *Vazquez Barrera v. Wolf,* 455 F. Supp. 3d 330, 336 (S.D. Tex. 2020) (citing *Zadvydas v. Davis*, 533 U.S. at 688 (ruling on merits of habeas petition challenging validity of indefinite mandatory detention)).

7

## VI. <u>CLAIMS FOR RELIEF</u>

### COUNT ONE:

RESPONDENTS HAVE UNLAWFULLY DETAINED PETITIONER
IN VIOLATION OF THE IMMIGRATION AND NATURITARIZATION ACT.

27. Petitioner alleges and incorporates by reference paragraphs 1 through 26 above.

28. Petitioner's detention lacks statutory authority while her BIA appeal is pending, as the removal order is automatically stayed under 8 C.F.R. § 1003.6;

29. Under 8 C.F.R. § 1003.6, the timely filing of a BIA appeal that challenges an IJ's decision to order the removal of non-citizen *creates an automatic stay* that renders the removal order non-final.

30. Because the appeal was timely filed, **the Immigration Judge's removal order is not final and cannot be executed pursuant to 8 C.F.R. § 1003.6.**

31. As stated above, **Petitioner has no criminal history,** and has demonstrated no conduct indicating that she is a threat to the United States or otherwise eligible for deportation.

32. Therefore, Petitioner merits immediate release because she has a pending appeal with the BIA, no final order of removal, and the government cannot articulate any meaningful reason why she should continue to remain in detention pending her appeal.

## COUNT TWO:

### RESPONDENTS HAVE UNLAWFULLY DETAINED PETITIONER IN VIOLATION OF CONSTITUTIONAL DUE PROCESS

33. Petitioner alleges and incorporates by reference paragraphs 1 through 32 above.

34. Petitioner's detention violates her right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

35. Petitioner is unlawfully in custody pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6) (2018) ("Section 241"). Under Zadvydas, that provision prohibits the indefinite detention of noncitizens who (i) cannot be repatriated in the reasonably foreseeable future, and (ii) pose no threat to the community. Any such detention is unconstitutional. *See Zadvydas*, 533 U.S. at 689, emphasis added ("In our view, the statute [Section 241], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

36. The Fifth Amendment's Due Process Clause prohibits the government from detaining individuals without legal authority.

37. Under 8 U.S.C. § 1231(a)(1), detention during the removal period is only authorized after a removal order becomes "final."

38. A removal order does not become final while an appeal is pending before the BIA. 8 C.F.R. § 1003.6.

39. As stated above, Petitioner's BIA appeal remains pending, the removal order is not final and cannot serve as a basis for continued detention.

40. Furthermore, under *Zadvydas,* a non-citizen petitioner is not barred from seeking a writ of habeas corpus as relief for indefinite detention when there has been no final order issued. *See Zadvydas*, 533 U.S. at 688 ("The aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather, they challenge the extent of the Attorney General's authority under the post-removal-period detention statute. And the extent of that authority is not a matter of discretion . . . [therefore we] conclude habeas corpus proceedings remain available. . . .").

41. Therefore, this petition is not barred, as the Petitioner is not seeking to collaterally attack the final removal order, because there is no final order yet issued by the BIA.

42. Moreover, **continued detention without an individualized determination violates due process** under Zadvydas v. Davis, 533 U.S. 678 (2001).

43. Petitioner has been detained since August 25, 2025 **without any individualized assessment of flight risk or dangerousness.**

44. **Petitioner poses no flight risk or danger to the community**, as evidenced by her lack of criminal record, and of any other conduct that could pose a danger to the United States.

45. Furthermore, Petitioner has not undergone individualized assessment of hardship posed by her continued detention.

46. Petitioner's on-going detention is currently aggravating the suffering she experiences from her chronic medical conditions.

47. Petitioner's forced separation from her newborn daughter is causing immediate and irreparable harm to her child, who is a U.S. citizen. The interruption of nursing and of all other physical contact with Petitioner is depriving her daughter of medically necessary care at a crucial moment in the baby's physical development.

48. Moreover, this continuing harm and separation caused by Petitioner's detention at such a crucial stage in the development of her newborn child is causing immediate psychological harm to both her U.S. daughter and husband.

49. Continued detention under these circumstances is both cruel and arbitrary.

50. Petitioner's continued detention lacks statutory authority and violates her right to substantive due process under the Constitution. Therefore, she should be immediately released from custody.

## V. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court issue a writ of habeas corpus directing Respondents to show cause why Petitioner should not be released from custody, and to order Petitioner's immediate release from custody. In the alternative, Petitioner respectfully requests that this Court order an individualized bond hearing before an Immigration Judge with the burden on the government to demonstrate by clear and convincing evidence that detention is necessary. Petitioner requests that this Court award reasonable attorney's fees and costs; and grant such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Matthew Mendez
Attorney for Petitioner
State Bar No. 24098092
6300 Gulfton Street
Houston, Texas 77081
Tel. (346) 205-4343
matt@mendezlawoffice.com

## PETITIONER VERIFICATION

Petitioner, Jennifer Taina Rodriguez Castellon, is currently detained in ICE custody, and has authorized Counsel, Matthew Mendez, to verify, on her behalf, that the facts stated therein are true and correct to the best of her knowledge and belief.

_____                                  _09/09/2025_
Matthew Mendez                                                         Date
Attorney for Petitioner
Jennifer Taina Rodriguez Castellon

## CERTIFICATE OF SERVICE

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Randy Tate, in his Official Capacity as Warden of the Montgomery Processing Center**, at (1) Office of the Warden, 806 Hilbig Road, Conroe, Texas 77301, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Bret Bradford, in his Official Capacity as Field Office Director, of ICE Enforcement and Removal Operations Houston Field Office**, at (1) Office of the Field Office Director, Enforcement and Removal Operations, Houston Field Office, 126 Northpoint Drive, Houston, Texas 77060, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

14

## CERTIFICATE OF SERVICE

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Kristi Noem, in her Official Capacity as Director of U.S. Department of Homeland Security**, at (1) Office of General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20530; and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____    \_\_\_09/09/2025\_\_\_
Matthew Mendez                              Date
Attorney for Respondent


On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Pam Bondi, in her Official Capacity as Attorney General of the United States**, at (1) U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (2) to the Assistant Attorney General for Administration, U.S. Department of Justice, Justice Management Division, 950 Pennsylvania Avenue, NW, Room 1111, Washington, D.C. 20530; and (3) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____    \_\_\_09/09/2025\_\_\_
Matthew Mendez                              Date
Attorney for Respondent