UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
CIVIL No. _____

| | |
|---|---|
| JENNIFER RODRIGUEZ-CASTELLON,<br><br>  Petitioner<br><br>vs.<br><br>RANDY TATE, in his official capacity as<br>Warden of the Montgomery Processing Center;<br><br>BRET BRADFORD, in his official capacity as<br>Field Office Director of ICE Enforcement and<br>Removal Operations Houston Field Office;<br><br>KRISTI NOEM,<br>in her official capacity as Secretary<br>of the Department oF Homeland Security;<br><br>PAM BONDI, in her official capacity as<br>Attorney General of the United States,<br><br>  Respondents. | **PETITION FOR**<br>**WRIT OF HABEAS CORPUS**<br>**PURSUANT TO 28 U.S.C§2241** |

**MOTION FOR TEMPORARY RESTRAINING ORDER
AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The petitioner, Jennifer Rodriguez-Castellon ("Petitioner"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 65, for entry of a temporary restraining order to prevent her removal by Immigration and Customs Enforcement ("ICE") from the United States during the

pendency of her petition for writ of habeas corpus. In support thereof, Petitioner states the following:

## I. INTRODUCTION

1. Petitioner is currently in ICE custody at the Montgomery Processing Center, located at 806 Hilbig Road, Conroe, Texas 77301, and seeks emergency relief to prevent her unlawful removal to Nicaragua while her petition for Writ of Habeas Corpus is under consideration.

2. Petitioner timely filed Form I-589 Application for Asylum and for Withholding of Removal ("Application for Asylum") was denied on November 24, 2023 by the Immigration Judge ("IJ") of the Houston Immigration Court, located at 8701 S. Gessner Road, 10th Floor, Houston, Texas 77074.

3. On November 27, 2023, Petitioner timely filed a Form EOIR-26 Notice of Appeal with the Board of Immigration Appeals ("BIA," or "the Board"), challenging the Immigration Judge's decision. **The BIA appeal remains pending, and no final decision has been issued.** Because the appeal was timely filed, **the IJ's removal order is not final and cannot be executed pursuant to 8 C.F.R. § 1003.6.**

4. Additionally, **Petitioner is currently eligible for permanent relief as the beneficiary of a Form I-130 Petition for Alien Relative** ("I-130 Peition"), filed by her U.S. citizen husband and currently pending before the United States Citizenship and and Immigration Services ("USCIS," receipt # IOE-9158144757).

5. Despite the fact that Petitioner's appeal is currently pending before the Board, and the IJ's removal order is not final, **Petitioner was detained by ICE on August 25, 2025, and has been continuously detained to this day.**

6. **Petitioner has no criminal history, and has demonstrated no conduct indicating that she is a threat to the United States or otherwise eligible for deportation.** As such, Petitioner's continued detention is clearly arbitrary and unlawful, and she has requested via petition for a Writ of Habeas Corpus that this Court order her immediate release from detention.

7. Without immediate injunctive relief, Petitioner faces imminent and irreparable harm through removal to Nicaragua, where **she faces persecution, arrest and torture due to her past political activism** in opposition to the administration of Pesident Daniel Ortega.

8. Furthermore, **Petitioner is the mother of a three month old U.S. citizen child who relies upon her for basic necessities**, including the child's sole daily sustenance via providing breast milk. Petitioner's continued detention and enforced separation from her newborn child is currently causing irreparable harm to her child, who requires nursing and other contact from her mother at this crucial stage of early physical development.

9. ICE's arbitrary and unlawful detention of Petitioner is also **causing irreparable psychological damage to both her U.S, citizen husband and child** due to the forced separation of their new family and the harm that it is causing their baby.

10. Moreover, Petitioner suffers from chronic medical conditions which are aggravated by various factors, including stress, movement, and exertion. **Petitioner's continued detention is having an on-going exacerbating effect on her medical conditions**, causing on-going hardship to herself and her family.

11. Furthermore, Petitioner's removal will deprive the Board from enforcing its jurisdiction to review the decision of the IJ in Petitioner's immigration proceedings. Likewise, Petitioner's removal will deprive USCIS from exercising its authority to adjudicate her U.S. citizen husband's I-130 Petition grant her permanent relief via her

12. prohibit the United States from enforcing the IJ's decision that he is eligible for protection from persecution, as well as depriving this Court of jurisdiction to adjudicate his constitutional claims.

## II. FACTUAL BACKGROUND

13. Petitioner is a twenty-nine year old female native and citizen of Nicaragua. She fled Nicaragua on or about August 19, 2021 as a result of persecution and threats of violence against her and her family by members of the Nicaraguan government

due to their past political activism in opposition to human rights violations perpetrated by the administration of President Daniel Ortega.

14. Petitioner entered the United States near Nogales, Arizona, on or about September 15, 2021, without first being admitted or paroled.

15. On August 16, 2022, *Petitioner timely filed* a Form I-589 Application for Asylum and for Withholding of Removal under the Convention Agaiunst Torture.

16. On November 24, 2023, Petitioner appeared before the Immigration Judge of the Houston Immigration Court located at 8701 S. Gessner Road, 10th Floor, Houston, Texas 77074, for a hearing in her removal proceedings, seeking asylum, withholding of removal, and protection under the Convention Against Torture based on persecution due to her political opinion and personal social group. At the close of that hearing, the Immigration Judge denied Petitioner's claims and ordered her removal to Nicaragua.

17. On November 27, 2023, *Petitioner timely filed* a Form EOIR-26 Notice of Appeal ("Notice of Appeal") with the Board, challenging the Immigration Judge's decision. The BIA appeal remains pending, and no final decision has been issued.

18. Because the appeal was timely filed, the Immigration Judge's removal order is not final and cannot be executed pursuant to 8 C.F.R. § 1003.6.

19. Petitioner married a United States Citizen, Jose Manuel Orellana, on August 9, 2024. On December 23, 2024, Petitioner's U.S. husband filed a Form I-130

Petition for Alien Relative (USCIS receipt # IOE-9158144757), naming Petitioner as beneficiary. That I-130 petition remains pending, and no final decision has been issued. As such, Petitioner is currently eligible for an alternative form of permanent relief while she awaits a final decision on her appeal to the Immigration Judge's order of removal.

20. Petitioner has no criminal history, and has demonstrated no conduct indicating that she is a threat to the United States or otherwise eligible for deportation.

21. Petitioner suffers from chronic medical conditions associated with head trauma that she suffered while being assaulted during political protests in Nicaragua. Her symptoms include headaches with pressure and burning and radiating pain to the eyes, dizziness, nausea, and blurred vision. Petitioner's medical conditions have worsened since her initial head trauma, and are aggravated by various factors, including stress, movement, and exertion. Petitioner's continued detention is having an on-going exacerbating effect on her medical condition, causing on-going hardship to herself and her family.

22. Petitioner is the mother of a newborn child, her U.S. Citizen daughter, Hadassa Liliana Orellana Rodriguez, who is only three months old. Petitioner's daughter relies on her mother for basic necessities, including her sole daily sustenance provided via breast milk. As such, Petitioner's continued detention is causing immediate, severe, and irreparable hardship to her U.S. citizen daughter and husband.

## III. LEGAL STANDARD

23. Under Fifth Circuit precedent, the standard for issuing a temporary restraining order requires consideration of: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) whether the threatened injury outweighs any harm to the defendant; and (4) whether the injunction would not be adverse to the public interest. Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

## IV. ARGUMENT

**Petitioner Will Suffer Immediate and Irreparable Harm if Her Removal Occurs.**

24. Petitioner alleges and incorporates by reference paragraphs 1 through 50 of her Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief, **filed concurrently with the present motion.**

25. While Petitioner continues to remain in detention, she faces imminent removal to her native country of Nicaragua, or to another country outside the United States.

26. Petitioner explains in her Application for Asylum that, if removed to Nicaragua, she would face immediate harm from persecution, imprisonment, torture, and death by members of the Daniel Ortega administration due to her past political activism opposed to the actions of that government. These harms would be irreparable once suffered by the Petitioner.

27. Furthermore, if removed from the United States to a country other than Nicaragua, Petitioner would face immediate harm from being forced to seek safety in an unknown country where she has neither the protection of citizenship nor protection from being subsequently removed to Nicaragua.

28. Petitioner has submitted a Petition for a Writ of Habeas Corpus, filed concurrently to this Court with the present Motion for Temporary Order, to compel her release from detention.

29. Removal while Petitioner's Writ of Habeas Corpus is pending before this Court would constitute irreparable harm that cannot be remedied by monetary damages.

30. The threat of Petitioner's removal is immediate and cannot await a hearing on the merits.

## B. Petitioner Has a Substantial Likelihood of Success on the Merits

31. Petitioner has demonstrated a substantial likelihood of success on the merits of her habeas corpus claim via her Petition for Writ of Habeas Corpus, filed concurrently with the present motion.

32. Petitioner's current detention and imminent removal unlawful under 28 U.S.C § 2241, being that the IJ's order for her removal is not final due to the fact that the Board accepted her timely filed Notice of Appeal on November 27, 2023, and it is currently pending BIA review of the IJ's decision denying her Application for Asylum.

33. Under 8 C.F.R. § 1003.6, the timely filing of a BIA appeal that challenges an IJ's decision to order the removal of non-citizen *creates an automatic stay* that renders the removal order non-final.

34. Because Petitioner's appeal was timely filed, **the Immigration Judge's removal order is not final and cannot be executed pursuant to 8 C.F.R. § 1003.6.**

35. Therefore, Petitioner merits immediate release because she has a pending appeal with the BIA, no final order of removal, and the government cannot articulate any meaningful reason why she should continue to remain in detention pending her appeal.

36. Furthermore, **The Fifth Amendment's Due Process Clause prohibits the government from detaining individuals without legal authority.**

37. The Fifth Circuit has recognized that prolonged immigration detention must be subject to constitutional scrutiny. Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), rev'd on other grounds, 533 U.S. 678 (2001).

38. Under 8 U.S.C. § 1231(a)(1), detention during the removal period is only authorized after a removal order becomes "final."

39. A removal order does not become final while an appeal is pending before the BIA. 8 C.F.R. § 1003.6.

9

40. As stated above, **Petitioner's BIA appeal remains pending, the removal order is not final and cannot serve as a basis for continued detention.**

41. Moreover, **Petitioner's continued detention without an individualized determination violates substantive due process** under Zadvydas v. Davis, 533 U.S. 678 (2001).

42. Petitioner has been detained since August 25, 2025 without any individualized assessment of flight risk or dangerousness.

43. **Petitioner poses no flight risk or danger to the community**, as evidenced by her lack of criminal record, and of any other conduct that could pose a danger to the United States.

44. Petitioner's detention and imminent threat of removal are arbitrary in nature, lacking in either statutory or judicial authority, and inconsistent with constitutional protections.

45. Furthermore, Petitioner has not undergone individualized assessment of hardship posed by her continued detention.

46. Petitioner's on-going detention is currently aggravating the suffering she experiences from her chronic medical conditions.

47. Petitioner's forced separation from her newborn daughter is causing immediate and irreparable harm to her child, who is a U.S. citizen. The interruption of

nursing and of all other physical contact with Petitioner is depriving her daughter of medically necessary care at a crucial moment in the baby's physical development.

48. Moreover, this continuing harm and separation caused by Petitioner's detention at such a crucial stage in the development of her newborn child is causing immediate psychological harm to both her U.S. daughter and husband.

49. Continued detention under these circumstances is both cruel and arbitrary.

50. Petitioner's continued detention lacks statutory authority and violates her right to substantive due process under the Constitution. Therefore, she should be immediately released from custody.

51. Accordingly, the facts above demonstrate that Petitioner has substantial likelihood of success on the merits of his Writ of Habeas Corpus, now pending before this Court.

**C. The Balance of Harms Favors Petitioner**

52. The harm to Petitioner from removal—potentially high likelihood of continued persecution, torture and death threatened by those who have harmed her in the past—far outweighs any administrative inconvenience to the Department.

53. Petitioner has no history of criminal activity or violence, and poses no danger to the community if released from detention and protected from removal in

accordance with the IJ's order. Allowing the Board the time necessary to review the IJ's decision dismissing Petitioner Application for Asylum serves judicial economy and prevents irreparable constitutional violations.

### D. The Public Interest Supports the Relief Sought

21. The public interest is served by ensuring that removal orders are not executed until they become final through proper appellate procedures.

22. Protecting constitutional rights and preventing unlawful government action serves the broader public interest.

23. The injunction would preserve the integrity of the Immigration Court's removal proceedings, as well as this Board's jurisdiction.

### V. NOTICE AND SECURITY

24. **Notice**: Notice should be dispensed with because Petitioner faces imminent removal that could occur before the government can respond, and any delay would render this motion moot.

25. **Security**: Petitioner respectfully requests that the Court waive the security requirement under Fed. R. Civ. P. 65(c) due to her indigent status, or alternatively, set security in a nominal amount.

## VI. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court **IMMEDIATELY** issue a temporary restraining order:

- Restraining and enjoining Respondent, their agents, employees, and successors from removing Petitioner from the United States;
- Directing Respondent to take all necessary steps to halt any removal preparations;
- Requiring Respondent to notify all relevant personnel that Petitioner shall not be removed;
- Set an expedited hearing on Petitioner's motion for preliminary injunction;
- After hearing, issue a preliminary injunction maintaining the relief requested above during the pendency of this action;
- Waive or set security in a nominal amount;
- Award attorney's fees and costs; and
- Grant such other relief as this Court deems just and proper.

## CERTIFICATE OF EMERGENCY

I hereby certify that this motion seeks emergency relief due to Petitioner's imminent risk of removal, which would render her pending BIA appeal and habeas corpus petition moot and cause irreparable constitutional harm.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

## CERTIFICATE OF CONFERENCE

I hereby certify that due to the emergency nature of this motion and the imminent threat of removal, I have been unable to confer with opposing counsel regarding this motion.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

## CERTIFICATE OF SERVICE

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Randy Tate, in his Official Capacity as Warden of the Montgomery Processing Center**, at (1) Office of the Warden, 806 Hilbig Road, Conroe, Texas 77301, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Bret Bradford, in his Official Capacity as Field Office Director, of the Immigration and Customs Enforcement, Enforcement and Removal Operations Houston Field Office**, at (1) Office of the Field Office Director, Enforcement and Removal Operations, Houston Field Office, 126 Northpoint Drive, Houston, Texas 77060, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____  
Matthew Mendez  
Attorney for Respondent

09/09/2025  
Date

## CERTIFICATE OF SERVICE

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Kristi Noem, in her Official Capacity as Director of U.S. Department of Homeland Security**, at (1) Office of General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20530; and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____　　　　　　　　　　　　　　09/09/2025
Matthew Mendez　　　　　　　　　　　　　　　　　　　　　Date
Attorney for Respondent

On September 9, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Pam Bondi, in her Official Capacity as Attorney General of the United States**, at (1) U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (2) to the Assistant Attorney General for Administration, U.S. Department of Justice, Justice Management Division, 950 Pennsylvania Avenue, NW, Room 1111, Washington, D.C. 20530; and (3) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____　　　　　　　　　　　　　　09/09/2025
Matthew Mendez　　　　　　　　　　　　　　　　　　　　　Date
Attorney for Respondent

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
CIVIL No. _____

| | |
|---|---|
| JENNIFER RODRIGUEZ-CASTELLON, § <br> Petitioner § <br> § <br> vs. § <br> § <br> RANDY TATE, in his official capacity as § <br> Warden of the Montgomery Processing Center; § <br> § <br> Et. al. § <br> Respondents. § <br> § | PETITION FOR <br> WRIT OF HABEAS CORPUS <br> PURSUANT TO 28 U.S.C§2241 |

**PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Having considered Petitioner's Motion for Temporary Restraining Order, and good cause appearing, IT IS HEREBY ORDERED that:

1. Respondents, their agents, employees, and successors are RESTRAINED and ENJOINED from removing Petitioner, Luis Angel Reyes Roman, from the United States;
2. Respondents shall immediately notify all relevant personnel, including but not limited to ICE Enforcement and Removal Operations, that Petitioner shall not be removed from the United States;
3. This Temporary Restraining Order shall remain in effect until September 19, 2025 at 5:00 PM, unless extended by further order of this Court;
4. A hearing on Petitioner's Motion for Preliminary Injunction is set for _____;
5. Security is waived / set at $_____;
6. This order may be served by facsimile, email, or other means reasonably calculated to provide immediate notice.

SIGNED this \_\_\_\_\_ day of _____, 2025.

_____