Case 4:25-cv-04270   Document 17   Filed on 09/24/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNIFER RODRIGUEZ-CASTELLON, § § | |
| Petitioner, § § | |
| VS. § | CIVIL NO. 4:25-CV-04270 |
| § § | |
| RANDY TATE, *et al.*, § § | |
| Respondents. § | |

## ORDER GRANTING PRELIMINARY INJUNCTION

The petitioner, Jennifer Rodriguez-Castellon, is a detainee in the custody of United States Immigrations and Customs Enforcement. She has filed a petition for a writ of habeas corpus. The Court previously entered a temporary restraining order enjoining the government from removing the petitioner from the United States. On September 23, 2025, the Court heard argument from the petitioner and the government.

### A.   Background

The petitioner is a citizen of Nicaragua. She alleges that she fled Nicaragua under fear of persecution and threats of violence against her and her family by the Nicaraguan government in retaliation for their activism in opposition to the government. She entered the United States through Nogales, Arizona on or about September 15, 2021, without first being admitted or paroled. She filed a timely Application for Asylum and for Withholding of Removal under the Convention Against Torture.

On November 24, 2023, the petitioner appeared before an Immigration Judge. Her claim for asylum was denied and she was ordered removed to Nicaragua. On November 27, 2023, she

filed a timely Notice of Appeal. Her appeal remains pending. Because the appeal was timely filed and remains pending, the Immigration Judge's order is not final. 8 C.F.R. §1003.6.

On August 9, 2024, the petitioner married a United States citizen. Her husband filed a Petition for Alien Relative. That petition remains pending. Petitioner has no criminal history, has chronic medical conditions, and is the mother of a four-month old child who she was nursing until she was taken into custody. The petitioner was taken into custody when she appeared for a hearing.

## I. Legal Standards

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

## II. Analysis

### A. Likelihood of Success on the Merits

The petitioner asserts facts showing that she is not under a final removal order and that her detention is arbitrary. Moreover, the Supreme Court has held that indefinite immigration detention violates due process and is unlawful. *Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also* 8 C.F.R. §1003.6. Detention during the removal period is lawful only after a removal order becomes final.

8 U.S.C. § 1231(a). The petitioner therefore demonstrates a likelihood of success on the merits of her petition.

### B. Irreparable Harm

Petitioner's continued detention irreparably deprives her of her liberty, exposes her to adverse medical consequences, and prevents her from caring for her infant child. The petitioner demonstrates that both she and her infant child are suffering irreparable harm from her continued detention.

### C. Relative Injury

As noted above, the petitioner alleges that she suffers or will suffer grave and irreparable harm from her continued detention. This harm will likely include lack of access to needed medical care and separation from her family, including her infant child. Her release from custody with certain conditions guaranteeing her continued compliance with legal requirements, however, causes only *de minimis*, if any, injury, to the respondents.

### D. Public Interest

If the BIA or a Federal Court ultimately determines that the petitioner is subject to removal, the government can carry out that removal at a later date. There is no reason to believe that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States. There is no public interest served by her continued detention.

### E. Conclusion

All four factors weigh in favor of granting preliminary injunctive relief.

### F. Security

The petitioner has demonstrated that she is indigent. The Court therefore waives any requirement that she post security.

### III. <u>Order</u>

It is hereby ORDERED as follows:

1. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release;

2. The petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while her appeal to the BIA is pending;

3. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the United States while this injunction remains in effect;

4. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect; and

5. This order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

This Order is executed at 12:05 p.m. on September 24, 2025.

It is so ORDERED.

SIGNED on September 24, 2025, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge