United States District Court
Southern District of Texas
**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER RODRIGUEZ-CASTELLON, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. 4:25-cv-04270 |
| | § | |
| v. | § § | |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al.*, | § § § | |
| Respondents. | § § § | |

## ORDER OF DISMISSAL

The petitioner, Jennifer Rodriguez-Castellon, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Since filing the habeas petition, however, the petitioner's order of removal has become final (*see* Dkt. No. 22) and she is now detained under 8 U.S.C. § 1231(a).

Under § 1231(a), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted); *see also Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026) (explaining that once a noncitizen is subject to a final order of removal, detention authority is governed by § 1231(a)); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026) (explaining that because the petitioner—who has an administratively

final order of removal—is being detained under 8 U.S.C. § 1231(a), the petitioner's detention is within the 90-day removal period and his detention is mandatory).

Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a) only becomes presumptively unreasonable after approximately six months.  After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*  Because the petitioner's detention is now governed by § 1231 and because the petitioner has not made any claim based *Zadvydas*, the Court will dismiss this case, without prejudice.

The Court **ORDERS** as follows:

1.      This case is **DISMISSED without prejudice**.

2.      Any pending motions are **DENIED** as moot.

It is so ORDERED.

SIGNED on June 5, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

2